UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:07CR21-C

| | |
|---|---|
| UNITED STATE OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> V. ) <br> ) <br> THOMAS G. REITZ ) <br> ) <br> Defendant. ) | **CONSENT ORDER FOR INTERIM DISTRIBUTION OF VICTIM RESTITUTION** |

BASED UPON the defendant's plea of guilty, and finding that there is substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is subject to forfeiture and to collection for purposes of victim restitution. The parties have agreed that the following shall be paid to the victims as partial restitution pursuant to the Mandatory Victim Restitution Act and as further set forth below:

**Approximately $9,597,000 in cash, securities, or other assets from the following accounts seized on October 27, 2006, plus any interest accrued on the accounts:**

A. Wachovia Securities LLC Account Numbers:
xxxx-6138
xxxx-3574
xxxx-6140
xxxx-9312
xxxx-0843
xxxx-8188

B. Wachovia Bank NA Account Numbers:
xxxxxxxxxx7103
xxxxxxxxxx8664
xxxxxx8524
xxxxxx7952
xxxxxxxxx6968
xxxxxx8161
xxxxxxxxx5102
xxxxxxxxx6504
xxxxxxxxx9933
xxxxxxxxxxx6606

2. The parties acknowledge that this Consent Order does not pertain to monies held in Reitz Group Wachovia Bank NA Account Number xxxxxx8524 prior to the October 27, 2006, seizure. The administration of those funds shall be resolved by future order of the Court and/or the parties hereto.

3. Defendant acknowledges that the victim losses in this matter are at least the amounts identified in Paragraph 1 above, and in any event exceed the amounts held by the United States in those accounts, and may be as much as the amounts listed below:

| Victim | Loss Amount | % of Total Victim Losses |
|---|---|---|
| Phoenix Fund | $22,343,000.05 | 58.49% |
| N.C. Chamber Fund | $ 5,509,937.00 | 14.42% |
| NLC Mutual | $10,346,730.00 | 27.09% |

4. The three victims also acknowledge these loss amounts to be the premium payments made by them to defendant's company. Issues with regard to any other assets that may be subject to forfeiture, any additional losses alleged by the victims, credits for payments made back to victims, and the like are not intended to be resolved with this consent order, but are preserved for future determination by the Court. Neither is this consent order intended to be a settlement of any sort between the parties or between the parties and defendant. The parties hereto further acknowledge that future restitution payments from additional sources may be adjusted to account for any modifications to loss amounts and/or to the proportional amounts owed to the victims.

5. The institutions listed above are hereby authorized and directed by the defendant, the parties and the Court to turn over all funds (including interest accrued thereon) from the accounts listed above, in the form of an Official Bank Check made payable to the Clerk of Court, for the Western District of North Carolina, to a property custodian for the investigative agency, who will then provide the checks to the Clerk for payment of restitution to the victims in this matter pursuant to 18 U.S.C. §§ 3663A *et seq*; 3613 and/or 28 U.S.C. § 3102.

6. The parties hereto acknowledge that the restitution payments shall be distributed *pro rata* amongst the victims in their percentage of the total victim losses and pursuant to 18 U.S.C. § 3664.

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY


_____
Jennifer A. Youngs
Assistant United States Attorney

_____
Thomas G. Reitz
Defendant

_____
Wilmer Parker
Attorney for Defendant


_____
Jeffrey A. Trendel
Special Deputy Insurance Commissioner
The Phoenix Fund



_____
North Carolina Chamber of Commerce Fund



_____
William Heberton
NLC Mutual Insurance Company



_____
Caroline L. Reitz



_____
Dennis J. Kelly
Attorney for Caroline Reitz

_____
Thomas G. Reitz
Defendant


_____
Wilmer Parker
Attorney for Defendant

_____
Jeffrey A. Trendel
Special Deputy Insurance Commissioner
Phoenix Fund, Inc. in Rehabilitation


_____
North Carolina Chamber of Commerce Fund




_____
William Heberton
NLC Mutual Insurance Company




_____
Caroline L. Reitz




_____
Dennis J. Kelly
Attorney for Caroline Reitz

_____
Thomas G. Reitz
Defendant


_____
Wilmer Parker
Attorney for Defendant


_____
Jeffrey A. Trendel
Special Deputy Insurance Commissioner
The Phoenix Fund


*Pat Byrum* Sec/Treas.
North Carolina Chamber of Commerce Fund


_____
William Heberton
NLC Mutual Insurance Company


_____
Caroline L. Reitz


_____
Dennis J. Kelly
Attorney for Caroline Reitz

Thomas G. Reitz
Defendant

Wilmer Parker
Attorney for Defendant

Jeffrey A. Trendel
Special Deputy Insurance Commissioner
The Phoenix Fund

North Carolina Chamber of Commerce Fund

*William B Heberton* (signature)

William Heberton
NLC Mutual Insurance Company

Caroline L. Reitz

Dennis J. Kelly
Attorney for Caroline Reitz

_____
Thomas G. Reitz
Defendant


_____
Wilmer Parker
Attorney for Defendant


_____
Jeffrey A. Trendel
Special Deputy Insurance Commissioner
The Phoenix Fund


_____
North Carolina Chamber of Commerce Fund


_____
William Heberton
NLC Mutual Insurance Company


*Caroline L. Reitz* (signed)
_____
Caroline L. Reitz


*Dennis J. Kelly* (signed) 6/7/07
_____
Dennis J. Kelly
Attorney for Caroline Reitz


3. DJK

**IT IS SO ORDERED.**

Robert J Conrad    6.12.07
United States District Court Judge