UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07CR21-C

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| THOMAS G. REITZ | ) | |

In the bill of information in this case, the United States gave notice of forfeiture of property of the defendant pursuant to 18 U.S.C. §982 as proceeds of the crimes charged, together with any substitute property, which would be subject to forfeiture under 21 U.S.C. §853(p). More specifically, defendant's property is subject to forfeiture as proceeds of and/or property otherwise involved in defendant's crimes under 18 U.S.C. §982(a)(1) and pursuant to 18 U.S.C. §981(a)(1)(C), as made applicable by 28 U.S.C. §2461(c), and/or as substitute property.

Defendant entered into a plea agreement, pled guilty to Counts One and Two in the bill of information, and was adjudged guilty of those counts. In the plea agreement and by his consent to this preliminary order, defendant has agreed to forfeiture as described below.

It is therefore ORDERED:

1. Defendant shall forfeit the net amount of $6,000,000 in criminal proceeds, which represents an initial approximate amount of $38,000,000, reduced by $32,000,000, which is the estimated value of specific assets which have been seized or restrained and are listed below; however, as provided in the plea agreement, the government is required "to make reasonable efforts to locate and forfeit property, whether that of the defendant or his co-conspirators, that was used in the criminal conduct or that is proceeds of such conduct before seeking to forfeit substitute assets in the possession or under the control of the defendant."

2. Based upon defendant's plea of guilty, the United States is authorized to seize the following specific property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, except as provided in paragraph 3 below, subject to the provisions of 21 U.S.C. §853(n):

    a. The sum of approximately $7,760,691.02 initially seized from the following accounts at Wachovia Bank, NA (3:06mj415):

| Name on Account | Account Number(s) |
| --- | --- |
| Reitz Group, Inc. | 6968, 7952, 8524, 8664, 7103, 8161 |
| Thomas G. Reitz | 8161 |
| Caroline L. Reitz | 5102 |
| INTAC | 6504, 9933, 6606 |

    b. The sum of approximately $1,305,492.63 initially seized from the following account at Wachovia Securities, LLC (3:06mj415):

| Name on Account | Account Number |
| --- | --- |
| Thomas G. Reitz | 3574 |

    c. The sum of approximately $385,163.00 initially seized from the following accounts at Bear, Stearns & Co. (3:07mj59):

| Name on Account | Account Number(s) |
| --- | --- |
| Reitz Group | 1243 |
| Thomas G. Reitz | 0274, 1254 |
| Caroline L. Reitz | 0276 |

    d. The sum of approximately $578,159.24 initially seized from the following accounts at UBS Financial Services, Inc. (3:07mj59):

| Name(s) on Account | Account Number(s) |
| --- | --- |
| Thomas G. Reitz | 561-C2 |
| Thomas G. Reitz and Caroline L. Reitz | 987-C2 |

e. The sum of approximately $371,137.85 initially seized from the following accounts at First Bank of the South (3:07mj59):

| Name(s) on Account | Account Number(s) |
|---|---|
| Thomas G. Reitz and Caroline L. Reitz | 5685 |
| Timothy H. Reitz | 5735 |
| John J. Reitz | 5727 |
| Matthew W. Reitz | 3888 |

f. The sum of approximately $26,898.03 initially seized from the following account at Global Asset Management, Inc. (3:07mj59):

| Name on Account | Account Number |
|---|---|
| Thomas G. Reitz | 5437 |

g. The sum of approximately $126,317.69 initially seized from the following accounts at Bank of America (3:07mj59):

| Name on Account | Account Number(s) |
|---|---|
| Caroline L. Reitz | 6556, 0859 |

h. The sum of approximately $20,000,000 initially seized from the following account at UBS AG, Zurich, Switzerland, with any interest due (3:06mj453):

| Name on Account | Account Number |
|---|---|
| Reitz Group, Inc. | 9070 |

i. Subsequent amounts received as interest or deposits in the foregoing accounts in addition to the sums initially seized:

| Financial Institution/Account | Amount |
|---|---|
| Wachovia Bank/8524 | $182,363.13 |
| Wachovia Bank/8664 | $29.31 |
| Wachovia Bank/7103 | $631,242.72 |
| Wachovia Bank/9963 | $7,937.30 |
| Wachovia Bank/6606 | $16,071.40 |

3

| | |
|---|---|
| Wachovia Securities/6140 | $74,260.51 |
| Wachovia Securities/0843 | $139,019.37 |
| Wachovia Securities/3574 | $189,181.96 |

The total of the amounts initially seized and subsequently received from the subject accounts, as described above, is approximately $31,793,965.16. The government has also advised the Court that an additional amount of approximately $29,843.90 was subsequently determined to be on deposit in one or more of the Wachovia Bank accounts and recently has been paid over in compliance with the applicable seizure warrants, thus bringing the total amount received from all these accounts to approximately $31,823,809.06, which is hereby forfeited to the United States, except as provided in paragraph 3 below, and subject to paragraph 4.

3. The foregoing list of assets is adjusted by subtracting funds that were released pursuant to the Consent Order for Interim Distribution for Restitution filed herein on June 13, 2007. Based on this order, $9,807,956.77 was paid to the Clerk's office and then disbursed to the victims in this case on August 21, 2007. As adjusted, the remaining amount to be forfeited from these accounts is approximately $22,015,852.29, which is hereby forfeited to the United States, subject to paragraph 4. In addition, real property located in Cherokee County, Alabama, as more particularly described on Exhibit A to this preliminary order, is hereby forfeited to the United States, subject to paragraph 4.

4. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish, as provided by law, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within the time provided by law. This notice shall state that the petition shall be for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

5. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

This the 28th day of November, 2007.

ROBERT J. CONRAD, JR.
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

Real property consisting of a total of approximately 1555.4 acres located in Cherokee County, Alabama, and titled in the name of Hawk Ridge Timber LLC, a Delaware Limited Liability Company, together with all improvements, fixtures, and appurtenances thereon, and more particularly described as follows:

(1) Two tracts described in Instrument number 138035, recorded December 22, 2005.

Tract I - The Northwest Quarter; the North One Half of the Southwest Quarter; the Southwest Quarter of the Southwest Quarter; and, the Southeast Quarter of the Southwest Quarter all in Section 16, Township 8 South, Range 11 East, containing 320 acres, more or less.

Tract II - The North One Half of the Northeast Quarter; the Southeast Quarter of the Northeast Quarter; and the Northeast Quarter of the Southeast Quarter all in Section 17, Township 8 South, Range 11 East, containing 160 acres, more or less.

(2) Two tracts described in Instrument number 138034, recorded December 22, 2005.

Tract I - All that tract or parcel of land containing 145.70 acres, more or less, being the fractional Southeast Quarter of fractional Section 4 and that part of the South Half of the Northeast Quarter of Section 4 lying east of the west top of Dirtseller Mountain, all in Township 8 South, Range 11 East.

Tract II - All that tract or parcel of land, containing 884.70 acres, more or less, being the Southwest Quarter and the east 15.25 chains of the Northwest Quarter lying south and southwest of hollow and branch, all in Section Four, Township Eight, South, Range Eleven East; and the North Half and the Southwest Quarter and the West Half of the Southeast Quarter, all in Seciton Nine in Township Eight, South, Range Eleven, East; and the East Half of the Southeast Quarter and the East half of the West Half of the Southeast Quarter of Section Eight in Township Eight, South, Range Eleven East.

(3) One tract described in Instrument number 139366, recorded March 16, 2006.

All that part of the South Half of the Southeast Quarter of Section 17, in Township 8 South, Range 11 East that lies east of Cherokee County Road 97, containing 45 acres, more or less.